In re the MARRIAGE OF Margaret Lynn Norsworthy FOOTTIT a/k/a Lynn N. Foottit, Appellee and Cross–Appellant,

and

Thomas Lee Foottit, Appellant and Cross–Appellee.

No. 94CA0799.

Colorado Court of Appeals, Div. IV.

July 13, 1995.

Rehearing Denied Aug. 10, 1995.

Pendleton & Sabian, P.C., Susan M. Hargleroad and Kathryn K. Heet, Denver, for appellee and cross-appellant.

Thomas Lee Foottit, pro se.

Opinion by Judge KAPELKE.

In this proceeding for the dissolution of their 19-year marriage, Thomas Lee Foottit (husband) and Margaret Lynn Norsworthy Foottit (wife) appeal from permanent orders relating to property distribution and attorney fees. We affirm in part, reverse in part, and remand with directions.

In 1975, wife became the beneficiary of an irrevocable nondiscretionary trust established by her father. The parties do not dispute that the trust is wife's separate property. The trust income was distributed to wife during the marriage, and a portion of that income was used as a downpayment on the purchase of 1.5 railroad boxcars.

The trial court set apart to wife as her separate property the value of the trust corpus at its creation, which the court found to be $10,300. Characterizing the income from the trust as separate property, the trial court also set apart to wife as her separate property a $10,658 interest in the boxcars, representing the amount of the boxcar investment traceable to wife's income from the trust.

Four other areas of the property distribution are the subject of this appeal. The trial court determined that a note payable to wife's parents was a marital debt and ordered wife to assume responsibility for its payment. The trial court concluded that an insurance policy on the life of wife's father did not constitute a marital asset and therefore was not subject to allocation. The trial court did not determine whether wife's 1993 employee bonus was marital property. In addition, the court ordered that the parties pay their own attorney fees.

## I.

As a threshold contention, husband asserts that many of the alleged errors in this case were a result of the trial court's abuse of discretion in refusing to grant his motion for continuance or to bifurcate the trial. He argues that he had not completed discovery and that his counsel was therefore unprepared for trial. We perceive no abuse of discretion.

Husband, a licensed attorney, proceeded *pro se* until two days before trial, when he retained counsel. Although there appear to have been discovery problems attributable to both parties, husband's lack of preparation

during the time he was without separate counsel contributed to these problems. Thus, the trial court did not err in denying the motion for continuance. *See In re Marriage of Howard,* 42 Colo.App. 457, 600 P.2d 93 (1979).

## II.

Husband contends that the trial court erred in setting apart to wife as her separate property the portions of the boxcar investment traceable to income generated from the trust. We agree.

The issue of how to classify income derived during the marriage from separate property remains unsettled in Colorado. *See In re Marriage of Jones,* 812 P.2d 1152 (Colo.1991) (issue not resolved because the income involved was from a trust that was neither the wife's marital property nor separate property).

Section 14–10–113(2), C.R.S. (1987 Repl. Vol. 6B) defines marital property as *all* property acquired by either spouse during the marriage except:

(a) Property acquired by gift, bequest, devise or descent;

(b) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

(c) Property acquired by a spouse after a decree of legal separation; or

(d) Property excluded by valid agreement of the parties.

Pursuant to § 14–10–113(3), C.R.S. (1987 Repl.Vol. 6B), there exists a statutory presumption in favor of marital property that may be overcome only by establishing that the property in question was acquired by one of the methods listed in § 14–10–113(2).

■ Assets not falling within the definition of separate property are deemed to be marital property subject to equitable distribution by the court. *In re Marriage of Fields,* 779 P.2d 1371 (Colo.App.1989).

■ Under the plain language of the statute, we conclude that, since income received during the marriage from separate property does not fall within the exceptions listed in § 14–10–113(2), it is to be deemed marital property.

Support for this conclusion can be found in § 14–10–113(4), C.R.S. (1987 Repl.Vol. 6B), which specifically provides that appreciation in the value of separate property during the marriage is marital property. We have no reason to believe that the General Assembly intended to treat income earned from separate property differently than appreciation in the value of such property. *See* Zuber, *Classifying Income, Rents and Profits from Separate Property,* 23 Colo.Law. 1303 (June 1994). Nor do we perceive any valid reason from a policy standpoint to treat appreciation and income differently, so long as each is realized during the marital relationship. *See* L. Golden, *Equitable Distribution of Property* § 5.18 (1992 Cum.Supp.).

Finally, we note that a majority of courts from other jurisdictions have held that, absent statutory provisions to the contrary, income derived during the marriage from separate property is marital property. *See Macdonald v. Macdonald,* 532 A.2d 1046 (Me. 1987); *Swick v. Swick,* 467 N.W.2d 328 (Minn.App.1991); *In re Marriage of Schatz,* 768 S.W.2d 607 (Mo.App.1989). *See also* 2 H. Clark, *Law of Domestic Relations* 189 (2d ed. 1987) ("The policy of the marital property statutes would seem best vindicated by holding such income to be marital property, particularly in view of the presumption that property acquired during the marriage is marital"); 1 J. McCahey, *Valuation & Distribution of Marital Property* § 3.03[2][i] (1995); Andrews, *Income from Separate Property: Towards a Theoretical Foundation,* 56 Law & Contemp.Probs. 171 (Spring 1993).

■ The classification of property as marital or non-marital is a legal determination which is dependent on the resolution of factual disputes. *See In re Marriage of Franz,* 831 P.2d 917 (Colo.App.1992). Here, inasmuch as there is evidentiary support for the trial court's factual finding that the income from the trust formed part of the downpayment for the interest in the boxcars, we conclude as a matter of law that the portion of the boxcar interest classified by

the trial court as wife's separate property is instead marital property. Thus, on remand, that interest is subject to division between the parties.

## III.

 Husband next contends that the trial court erred in overvaluing the trust corpus, resulting in a smaller portion of the overall value of the trust being considered as marital property. We disagree.

An increase in the value of separate property acquired in accordance with § 14–10–113(2)(a) or (b), C.R.S. (1987 Repl.Vol. 6B) is considered marital property. Section 14–10–113(4), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Stedman*, 632 P.2d 1048 (Colo. App.1981).

 The valuation of property will not be disturbed on review if it is reasonable in light of the evidence as a whole. *In re Marriage of Keyser*, 820 P.2d 1194 (Colo.App.1991).

Here, wife's father testified as to the value of the corpus of wife's trust and explained both the basis for, and the method used to arrive at, the valuation. The trial court was entitled to accept this detailed analysis rather than husband's evidence that the corpus had little or no value. Thus, we find no error. *See In re Marriage of Keyser, supra.*

## IV.

 Husband's fourth contention is that the trial court erred in failing to determine that wife's 1993 employee bonus was marital property. Since the trial court failed to classify this potential asset at all in the permanent orders, we agree.

If property is omitted from permanent orders without explanation, the property division cannot stand. *In re Marriage of Femmer*, 39 Colo.App. 277, 568 P.2d 81 (1977). Thus, on remand, the trial court must classify and divide wife's 1993 employee bonus.

## V.

 Husband also contends that the trial court erred in determining that the life insurance policy on wife's father had no value as marital property. We disagree with this contention.

 A life insurance policy lacking cash surrender value is not "property" since it has no objective, tangible, or vested value that can be divided in a dissolution action. *Gorman–English v. Estate of English*, 849 P.2d 840 (Colo.App.1992); *McGovern v. Broadstreet*, 720 P.2d 589 (Colo.App.1985).

The evidence showed that the policy here had no cash surrender value, and husband acknowledged that if payment of the premiums were discontinued, the policy would lapse. Thus, the trial court's determination as to value is reasonable and will not be disturbed on review. *See In re Marriage of Keyser, supra.*

## VI.

Both husband and wife assert error with respect to the trial court's determination that the note payable to wife's parents was a marital debt which wife was required to satisfy.

### A.

Husband contends that the note should be classified as wife's separate debt. We disagree.

 In classifying the note as a marital debt, the trial court considered the fact that both husband and wife signed the note and the court also considered the complex joint business circumstances surrounding execution of the note. Although there was conflicting testimony regarding the extent of husband's involvement in the business ventures, we will not disturb the trial court's determination of matters involving weight and credibility of the evidence. *See In re Marriage of Hoyt*, 742 P.2d 963 (Colo.App. 1987).

 We have considered, and rejected, husband's related contention that if the note is upheld as a marital debt, then the trial court further erred in not using the present value of the future monthly payments to be paid by wife to compute the marital debt, and in failing to consider future tax benefits that could be enjoyed by wife as a result of her

**1214**

debt payments. Since husband presented no evidence concerning the tax consequences, there is nothing to review in this regard.

**B.**

■ Arguing that the decision was based on the trial court's misunderstanding of the facts, wife contends on cross-appeal that the trial court erred in allocating the entire amount of the joint debt to her. We perceive no misunderstanding.

We agree that the difference in the parties' respective levels of employment income is nominal; however, the income generated by wife's separate property does give her more monthly income overall. We cannot conclude that the trial court erred in rejecting wife's contention that her separate property was of no value to her aside from the income it generated. To the contrary, the trial court was able to, and did, place values on wife's separate property. Therefore, to the extent that wife's contention is based on an erroneous assumption, we reject it.

**VII.**

Wife's final contention on cross-appeal is that since husband, who is an attorney, handled his case *pro se* during much of the proceedings and therefore incurred only small attorney fees, and since wife's attorney fees were substantially higher than husband's, the trial court abused its discretion in ordering the parties to pay their own fees. We remand as to this issue.

■ The purpose of an award of attorney fees under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B) is to apportion the costs of dissolution equitably based on the current financial resources of the parties. *In re Marriage of Aldinger,* 813 P.2d 836 (Colo. App.1991). However, in light of our remand as to the property issues, the attorney fee award is also subject to reconsideration on remand. *In re Marriage of Renier,* 854 P.2d 1382 (Colo.App.1993).

Wife's request for costs on appeal is denied.

The judgment of the trial court is affirmed as to the value of the trust corpus, note, and life insurance policy. As to the boxcar interest, wife's 1993 employment bonus, and the issue of attorney fees, the judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

MARQUEZ and DAVIDSON, JJ., concur.