PEOPLE of the State of Colorado ex rel. Lorraine M. CERDA, Appellee,

v.

Tim J. WALKER, Appellant.

No. 00CA1175.

Colorado Court of Appeals, Div. V.

Aug. 2, 2001.

Stuart M. Jones, Grand Junction, CO, for Appellee.

Feather Legal Services, P.C., Gerald B. Feather, Grand Junction, CO, for Appellant.

Opinion by Judge NIETO.

Tim J. Walker (father) appeals the district court's order affirming a magistrate's order denying father's motion to modify child support. We affirm.

Lorraine M. Cerda (mother) initially commenced this action as a dissolution of marriage proceeding. However, after mother and father agreed there had been no common law marriage between them, the action was converted into a proceeding solely to determine custody and support of the parties' minor child.

The parties eventually agreed to joint custody of the child, although mother and the child were living in Colorado and father was living in California. The parties also agreed that mother would be the primary residential custodian and that father would pay child support of $450 per month, which was a deviation from the child support guidelines in § 14–10–115, C.R.S.2000. This stipulation was approved and made the order of the court.

Thereafter, father filed a motion to modify child support. He asserted that he had quit his job in California and moved to Colorado where he was earning substantially less and spending more time with the child. The

motion also alleged that mother was now earning income, while none had previously been attributed to her in the stipulation.

After conducting a hearing and receiving evidence, the magistrate determined that both mother and father were voluntarily underemployed. Concerning father, the magistrate determined that although his career change and move to Colorado were good faith choices because they were designed to bring him closer to the child, they nevertheless "unreasonably reduce[d] the support available to the child."

After imputing income to the parties and calculating their respective support obligations, the magistrate determined that the change in father's net support obligation did not meet the statutory ten percent threshold required for modification under § 14-10-122(1)(b), C.R.S.2000. Consequently, the magistrate denied father's motion. The district court affirmed the magistrate's order.

Father contends that the trial court erred in determining that he was voluntarily underemployed. We disagree.

 We review the trial court's order for child support under an abuse of discretion standard because the issue of the parents' financial resources under § 14-10-115, C.R.S.2000, is factual in nature. *In re Marriage of Balanson*, 25 P.3d 28 (Colo.2001). Abuse of discretion occurs only when the trial court's decision is manifestly arbitrary, unreasonable, or unfair. *Hock v. New York Life Insurance Co.*, 876 P.2d 1242 (Colo. 1994). We review the interpretation of a statute under a *de novo* standard. *Robles v. People*, 811 P.2d 804 (Colo.1991).

 The trial court is authorized under §§ 14-10-115(7)(a) and 14-10-115(7)(b)(I), C.R.S.2000, to calculate child support based upon a determination of a parent's potential income if the parent is voluntarily unemployed or underemployed. *See In re Marriage of Bregar*, 952 P.2d 783 (Colo.App. 1997).

 A parent shall not be deemed voluntarily underemployed if the employment "is a good faith career choice which is not intended to deprive a child of support *and does not*

*unreasonably reduce the support available to a child.*" Section 14-10-115(7)(b)(III)(B), C.R.S.2000 (emphasis added). It is within the trial court's prerogative to determine whether a party falls within the exception of this statute. *In re Marriage of Bregar, supra.*

 Father's sole argument on appeal is that his career change did not unreasonably reduce the support available to the child because, if support were calculated using the parties' actual incomes as of the motion hearing date, the basic child support obligation would have been almost the same as his original $450 child support payment. We disagree with father's argument.

As noted, § 14-10-115(7)(b)(III)(B) requires the trial court to consider whether a parent's career choice unreasonably reduces the "support available to a child." This phrase is not, as father contends, synonymous with the phrase "basic child support obligation," which appears in numerous other subsections of the statute. *See, e.g.*, § 14-10-115(10), (13)(b), C.R.S.2000. Had the General Assembly intended that trial courts focus on the "basic child support obligation" when considering whether an individual was voluntarily underemployed under § 14-10-115(7)(b)(III)(B), it would have used that phrase. *See In re Marriage of Gedgaudas*, 978 P.2d 677 (Colo.App.1999)(when the General Assembly uses different terms, it is presumed that the terms have different meanings).

In contrast to the "basic child support obligation" defined in § 14-10-115(10), which typically involves consideration of both parties' respective incomes, the language of § 14-10-115(7)(b)(III)(B) focuses on the career decision and any associated income change of the putatively underemployed parent that affects his or her ability to provide child support.

Here, the fact that an income increase attributed to mother happened to coincide with father's substantial income reduction, and therefore resulted in a basic child support obligation approximating father's existing support obligation, does not necessarily mean that father's career change did not

"unreasonably reduce the support available to the child." In other words, the fact that mother had improved her ability to provide support for the child does not necessarily lead to a conclusion that father's voluntary underemployment did not unreasonably reduce his ability to provide child support.

Both parents have a duty to support a child to the best of their abilities. Section 14–10–115; *In re Marriage of Bregar, supra.* Therefore, an increase in one parent's ability to provide child support cannot serve as justification for the other parent's unreasonable reduction in his or her ability to provide support.

The evidence was undisputed that father's voluntary underemployment reduced his income by more than fifty percent. Based on this reduced income, the support available for the child under the statutory guidelines of § 14–10–115 would have been substantially reduced.

Thus, the magistrate's finding that the support available for the child was unreasonably reduced is supported by the record, and we will not overturn it. *See In re Marriage of Udis,* 780 P.2d 499 (Colo.1989)(Factual findings of a trial court will not be disturbed on appeal unless they are not supported by the record and are clearly erroneous.); *In re Marriage of Foottit,* 903 P.2d 1209 (Colo. App.1995)(The weight of evidence is within the sole discretion of the trial court.).

Under these circumstances, we conclude that father has failed to demonstrate that the decisions of the magistrate and the district court were erroneous.

The order is affirmed.

TAUBMAN and KAPELKE, JJ., concur.