23CA2050 Marriage of Collins 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2050
Gunnison County District Court No. 22DR30026
Honorable J. Steven Patrick, Judge

In re the Marriage of

Wendy Kathleen Collins,

Appellee,

and

John Michael Collins,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

Price Family Law, LLC, Trista Price, Denver, Colorado, for Appellee

The Law Offices of Rodger C. Daley and Associates, Rodger C. Daley, Kerry
Lego, Carrie Vonachen, Denver, Colorado, for Appellant

¶ 1 In this dissolution of marriage case between John Michael Collins (husband) and Wendy Kathleen Collins (wife), husband appeals those portions of the permanent orders concerning the marital property division. We reverse the judgment and remand the case for further proceedings.

## I. Background

¶ 2 The parties married in 2013. In 2023, the district court dissolved their marriage and entered permanent orders. During the permanent orders hearing, the parties stipulated to the division of many of their marital assets without assigning values, including their vehicles, their respective businesses, and other miscellaneous assets. The primary disputed issues at the permanent orders hearing were the valuation and division of the marital home and the valuation and division of the marital interest of a ranch that wife had co-owned with her brother until it was sold in early 2023. Wife also argued that husband had dissipated marital funds through a series of bad investments.

¶ 3 In the resulting permanent orders, the district court awarded wife the marital home at a value of $965,500 but rejected her assertion that husband bore any economic fault related to the

parties' series of questionable investments. The court awarded husband two of the parties' "speculative" investments, known as "China Meat" and "Gizmo," at a combined value of $140,000. Finding that "a precise 50/50 division [was] impossible," the court ordered wife to make a payment of $435,000 to husband. The court explained that the $435,000 payment was for husband's interest in the marital home and that it also provided husband "some value" for his portion of the marital increase in the value of the ranch.

## II.     Property Division

¶ 4      Husband contends that the property division must be reversed because the district court made insufficient findings as to the value of the marital assets and as to the relevant statutory factors. We agree.

## A.     Preservation

¶ 5      As an initial matter, we disagree with wife's assertion that husband failed to preserve the issues presented in his appeal. Husband's appeal challenges the district court's findings dividing the marital estate, and "[a] party is not required to object to the trial court's findings in the trial court to preserve a challenge to those findings." *In re Marriage of Crouch*, 2021 COA 3, ¶ 17*; see* C.R.C.P.

2

52.  Moreover, under C.R.C.P. 59(b), husband's failure to raise an issue in his later postjudgment motion does not limit his right to do so on appeal.  Thus, we may review husband's contentions of error.

### B.  Applicable Law and Standards of Review

¶ 6  When dividing the marital estate, a district court must first determine whether property is marital property (which is subject to division) or separate property (which is not).  § 14-10-113(1), C.R.S. 2024; *In re Marriage of Corak*, 2014 COA 147, ¶ 9.

¶ 7  The district court is then "required to find the approximate current value of all property owned by the parties."  *In re Marriage of Wright*, 2020 COA 11, ¶ 4.  However, specific findings as to the value of each asset are not always required, so long as the basis of the resulting property division is apparent from the district court's findings.  *See id.*; *In re Marriage of Page*, 70 P.3d 579, 582 (Colo. App. 2003).  It is the parties' duty to present the court with the requisite data to value property, and any failure in that regard should not provide them with grounds for review.  *In re Marriage of Zappanti*, 80 P.3d 889, 892 (Colo. App. 2003); *In re Marriage of Rodrick*, 176 P.3d 806, 815 (Colo. App. 2007).

¶ 8       The district court may value property based on an expert's testimony, the parties' testimony, documentary evidence, its own calculations, or a combination thereof.  *See In re Marriage of Nevarez*, 170 P.3d 808, 812 (Colo. App. 2007); *see also In re Marriage of Price*, 727 P.2d 1073, 1078 (Colo. 1986); *In re Marriage of Keyser*, 820 P.2d 1194, 1197 (Colo. App. 1991).  Determining the value of marital property is within the district court's discretion, and we will not disturb its determination "if it is reasonable in light of the evidence as a whole."  *In re Marriage of Krejci*, 2013 COA 6, ¶ 23.

¶ 9       In reaching an equitable division, the district court must consider all relevant factors, including each party's contribution to the acquisition of the marital property, the value of each party's separate property, each party's economic circumstances, and any increases or decreases in the value of separate property during the marriage or the depletion of separate property for marital purposes.  § 14-10-113(1)(a)-(d).  An equitable division of the marital property need not be equal.  *Wright*, ¶ 3.

¶ 10      Although the district court "is not required to make specific findings as to each statutory factor," *In re Marriage of Smith*, 2024

4

COA 95, ¶ 71, its findings must be sufficiently explicit "to give the appellate court a clear understanding of the basis of its order," *In re Marriage of Gibbs*, 2019 COA 104, ¶ 9.

¶ 11    The court has considerable latitude to enter an equitable property division based on the facts of each case, and we will not disturb its decision absent an abuse of discretion, which occurs when the court acts in a manifestly arbitrary, unfair, or unreasonable manner, or when it misapplies the law. *See In re Marriage of Balanson*, 25 P.3d 28, 35 (Colo. 2001); *In re Marriage of Herold*, 2021 COA 16, ¶ 5.

### C.    Findings Concerning the Marital Property Division

¶ 12    For multiple reasons, we agree with husband that the district court made insufficient findings in support of the marital property division.

¶ 13    To start, we are unable to ascertain the basis of the $435,000 payment that wife was ordered to pay husband. The district court gave no explanation as to how it arrived at the $435,000 figure, beyond suggesting that figure represented the difference between the parties' respective valuations of the marital home, while simultaneously stating that the payment provided "some value" to

husband for his interest in the marital increase in the value of wife's ranch. Yet, at no point did the court indicate what portion of the $435,000 represented the "some value" that husband was receiving from the ranch, and the court gave no explanation as to why a payment equaling the difference between the parties' respective valuations of the marital home represented an equitable division of the entire marital estate.

¶ 14 Likewise, the district court did not make any findings as to the approximate value of the marital and separate property components of wife's ranch. While we acknowledge that specific findings as to the value of each asset are not always required, *see Wright*, ¶ 4, the absence of findings here as to both the value of the ranch and total approximate value of the marital estate leaves us unable to ascertain what relative proportion of the marital estate each party received. *See Page*, 70 P.3d at 582 (providing that where the court has not valued all the marital assets, the basis of the district court's decision must be apparent). Accordingly, we are unable to meaningfully review the judgment. *See In re Marriage of Aldrich*, 945 P.2d 1370, 1379 (Colo. 1997) (reversing where the district

court's findings and "reasoning [were] unclear and d[id] not permit meaningful appellate review").

¶ 15    We disagree with wife's assertion that, primarily because of husband's deficient presentation of his case, the district court lacked sufficient information to value the ranch and overall marital estate. While neither party retained an expert on the subject, both parties testified and introduced exhibits in support of their respective valuations of the ranch as of 2013 and 2023. Indeed, husband testified that wife's interest in the ranch was worth $1,650,000 as of the date of the marriage and that the value of wife's interest had increased to $3,200,000 based on the proceeds from the January 2023 sale of the ranch. Conversely, wife assigned a greater premarital value of $3,189,600 to her interest in the ranch and testified that there was almost no increase in her equity in the ranch during the marriage. Wife testified that she owed approximately $1,000,000 in capital gains taxes on the sale of the ranch assets and that the parties had borrowed heavily against the ranch during the marriage, which significantly reduced the proceeds she received from the January 2023 sale.

¶ 16     Likewise, because each party testified concerning capital gains taxes, we are not persuaded that the outstanding taxes owed on the sale of the ranch assets prevented the district court from valuing and dividing the separate and marital property components of the ranch.  And although wife asserts that the district court could not otherwise estimate the value of the total marital estate because husband failed to provide values for many assets (such as the parties' vehicles and businesses), we are not persuaded because the parties unambiguously stipulated to a division of such assets at "no value."

¶ 17     We also agree with husband that the district court's findings as to the section 14-10-113(1) factors were insufficient.  While the court was not required to make detailed findings as to each factor, *Smith*, ¶ 71, beyond a discussion of the parties' respective contributions to the ranch, *see* § 14-10-113(1)(a), the court's discussion of the statutory factors was minimal.  For instance, the court made no findings as to the parties' respective economic circumstances.  And because the court did not value the marital and separate property components of the ranch and did not assign an approximate value to the marital estate, it likewise made no

8

findings as to the value of the property set aside to each party and the change in value of any separate property during the marriage. *See* § 14-10-113(1)(b)-(d). Therefore, the basis of the district court's order is not sufficiently clear. *Gibbs*, ¶ 9.

¶ 18    In sum, because we lack sufficient findings as to (1) the value of the ranch and marital estate as a whole, and (2) the section 14-10-113(1) and (5) factors, we reverse the property division and remand for additional findings. *See In re Marriage of Vittetoe*, 2016 COA 71, ¶¶ 36-37; *Aldrich*, 945 P.2d at 1379.

¶ 19    On remand, the district court may take additional evidence as it deems necessary to facilitate its additional findings. *In re Marriage of Lee*, 781 P.2d 102, 104 (Colo. App. 1989). The court must value the marital property as it existed on the date of the permanent orders hearing. *See* § 14-10-113(5); *In re Marriage of Finer*, 920 P.2d 325, 331 (Colo. App. 1996). The court must also give the parties an opportunity to present any new evidence concerning their current economic circumstances. § 14-10-113(1)(c) (the district court considers the parties' economic circumstances at the time the property division "is to become effective"); *In re Marriage of Powell*, 220 P.3d 952, 961 (Colo. App.

2009) (requiring the district court to consider the parties' financial circumstances at the time of remand when reconsidering a property division).

¶ 20    On remand, the court may adjust the property division as is necessary to achieve an equitable result in light of its additional findings.  *See In re Marriage of Vittetoe*, 2016 COA 71, ¶ 38.  The court should make specific findings of fact to support its determinations.  *See Gibbs*, ¶ 9.

¶ 21    Because we reverse the marital property division and remand for further findings, we decline to consider husband's additional contention that the property division was otherwise inequitable.

¶ 22    However, because it is relevant to the district court's reconsideration of the property division on remand, we note our agreement with husband's contention  that the court's valuation of the parties' speculative "China Meat" and "Gizmo" investments was unsupported by the record.  The court valued those investments based on an "agreed present value" of $140,000.  But we cannot locate anything in the record indicating that the parties explicitly agreed to value those investments at that figure.

¶ 23    Wife testified that husband had contributed a combined $140,000 to those investments during the marriage, although husband seemingly disagreed that the investments had a substantial present value, describing the investments as "not looking good" and "kabunk."  And while the district court, as fact finder, was free to credit wife's testimony as to the value of those investments over husband's vague statement of value, the court did not base its findings on wife's testimony, but instead concluded, without record support, that the parties had mutually agreed to a value of $140,000.  *See In re Marriage of Lewis*, 66 P.3d 204, 207 (Colo. App. 2003) (recognizing that credibility determinations and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom, are within the district court's sole discretion).  Accordingly, on remand, the district court must reconsider its valuation of these investments and make additional findings in support of their value.

## III.    Appellate Attorney Fees

¶ 24    Given our disposition, we deny wife's request for appellate attorney fees based on her argument that husband's appeal was substantially groundless, frivolous, and vexatious.

11

¶ 25    Husband requests an award of his appellate attorney fees under section 14-10-119, C.R.S. 2024. Because the district court is better equipped to determine the factual issues regarding the parties' current financial resources, we direct the district court on remand to determine whether an award of appellate attorney fees under that section is appropriate. *See In re Marriage of Alvis*, 2019 COA 97, ¶ 30.

## IV.   Disposition

¶ 26    Those portions of the permanent orders valuing and dividing the marital estate are reversed. The case is remanded for further proceedings consistent with this opinion. Those portions of the judgment not challenged on appeal remain undisturbed.

JUDGE TOW and JUDGE SCHUTZ concur.