COWART, Judge.
The owner-payee of a negotiable promissory note sued the makers-payors, alleging that the makers-payors had defaulted in *272 payment of the note and also alleging that the original note had been lost or destroyed. In addition to other matters of defense, the makers-payors claimed that, procedurally, the plaintiff, as owner-payee of the lost or destroyed note, was required to reestablish the note in a separate action under section 71.011, Florida Statutes, as a condition precedent to action on the note. The owner-payee of the note argued that one direct action could be brought on the lost or destroyed note under section 673.-804, Florida Statutes. The makers-payors argue that because section 71.011 and section 673.804 are in conflict and section 71.-011 was enacted after section 673.804, therefore section 71.011 prevailed over section 673.804.
At trial[1] the trial judge ruled in favor of the owner-payee of the promissory note as to this issue, and the makers-payors appeal.
We affirm. See Gutierrez v. Bermudez, 540 So.2d 888 (Fla. 5th DCA 1989), Barber v. Ehrich, 394 So.2d 220 (Fla. 5th DCA 1981) (section 673.804, Florida Statutes, requisites) and Locke v. Pyle, 349 So.2d 813 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 187 (1978); see also, Edwards v. Rives, 35 Fla. 89, 17 So. 416 (1895).
The owner of a lost, destroyed or stolen negotiable instrument may proceed under section 673.804, Florida Statutes, by direct action against the obligors (makers and endorsers) on the instrument without first re-establishing the lost, destroyed or stolen instrument in a separate action under section 71.011, Florida Statutes.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.

. The owner-payee of the negotiable promissory note established as a fact that he, the original payee, still owned the note and that he had not negotiated it and the ownership had not otherwise been transferred from him in any manner.