**Carolyn Sue DODD, Appellant,**

v.

**ESTATE OF James P. YANAN, Appellee.**

No. 49S04–9312–CV–1332.

Supreme Court of Indiana.

Dec. 3, 1993.

William A. Freihofer, Indianapolis, for appellant.

Joseph P. Murdock, Smith & Murdock, Glenn E. Davis, Jr., Davis, Davis & Langan, Indianapolis, for appellee.

ON PETITION TO TRANSFER

GIVAN, Justice.

Appellant was married to James P. Yanan in October of 1975. The marriage was dissolved on May 9, 1986. In April of that year, the parties had entered into a property settlement agreement, which was subsequently approved by the trial court in the dissolution action. James died May 6, 1989. At that time, appellant alleges she discovered that James had withheld information from her concerning his net worth and that he thus perpetrated a fraud in inducing the property settlement agreement, which became a part of the divorce court's judgment.

The present action was brought by appellant against James' estate seeking both monetary and punitive damages because of James' alleged fraud. The estate filed a "Motion to Dismiss and/or For Summary Judgment." Following hearing on this motion the trial court entered the following order.

*ORDER DISMISSING CLAIM NO. 1*

On July 7, 1990, Claimant, Carolyn S. Dodd, appeared in person and by counsel and the Executor appeared by counsel. Evidence and argument were heard on the Executor's Motion to Dismiss and/or For Summary Judgment and the Court, having taken the Motion under advisement and having considered the briefs submitted by the parties, finds that the allegations set out in Claim No. 1, taken in the light most favorable to claimant, constitute an impermissible collateral attack on the decree of dissolution entered in the Marion Superior Court on May 9, 1986.

IT IS THEREFORE ORDERED that Claim No. 1 be, and it is hereby, dismissed for failure to state a claim upon which relief can be granted. Costs vs[.] Claimant.

All of which is ordered this 23rd day of August, 1990.

The Court of Appeals, in an opinion reported at 587 N.E.2d 1348 (1992), reversed the trial court and remanded for a hearing on the ground that the claim for fraud had not been waived because Caroline had no knowledge that James was defrauding her at the time she entered into the agreement. However, as quoted above, the trial court dismissed the cause because it was an impermissible collateral attack on the dissolution decree. The trial court was correct in making such observation. If Caroline in fact was defrauded by James, those facts should be presented to the court rendering the dissolution.

■ A judgment of dissolution is a final judgment not subject to collateral attack in a sister court. *Goodyear v. Goodyear* (1982), Ind.App., 441 N.E.2d 498; *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391. In the *Anderson* case, Judge Shields, writing for the Court of Appeals, made the following statement:

"It has long been the law in Indiana that a litigant defeated in a tribunal of competent jurisdiction may not maintain an action for damages against his adversary or adverse witnesses on the ground the judgment was obtained by false and fraudulent practices or by false and forced evidence." [Citations omitted.] *Id.* at 399.

■ Appellant's sole avenue for redress was to first apply for modification of the divorce decree under Ind.Code § 31-1-11.5-17(b), and if successful in such modification, to then proceed to collect a judgment against James' estate. This cannot be accomplished by a collateral attack in the probate court. The trial judge was correct in dismissing the action.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.