COPE, Judge.
Graciela Liberoff, the former wife, appeals an adverse judgment on the pleadings. We conclude that judgment on the pleadings should not have been entered, and reverse.
The plaintiff-appellant former wife and defendant-appellee William Liberoff, the former husband, were married in 1967. On March 6, 1985, they entered into a Separation and Property Settlement Agreement (“the March 6 Agreement”) in which the former wife released claims to various items of the former husband’s property.
On March 9, 1985, the parties prepared a five-page handwritten schedule of the former husband’s assets, listing a value for each. The schedule concluded with the former husband’s written promise that “[i]n the event I should sell any of the items listed ... then in such event I promise to pay Grace [Graciela] Liberoff^ (50%) of the excess price obtained over and above the NET prices listed and retain as my fair share the otherjé (50%).” (“The March 9 Agreement”).
As pled in the former wife’s reply to the former husband’s affirmative defenses:
b. After signing the Property Settlement Agreement, but prior to the date of the Final Judgment Dissolving Marriage (i.e. April 4,1985), the plaintiff notified the defendant that she believed that she had been treated unfairly and that she intended to consult with an attorney of her own choosing to advise her of her rights and protect her interests in the pending dissolution action. In response, the defendant admitted that he had not treated the plaintiff fairly, and he offered to make up for that by sharing with the plaintiff the profits which might be made on the sale of objects of art and furniture located in the marital home at the time, if the plaintiff would not seek the advice of or consult with an attorney to advise her of her rights and protect her interests in the pending dissolution action. The plaintiff accepted the defendant’s offer, agreed not to seek and did not seek the advice of or consult with an attorney to advise her of her rights and protect her interests in the pending dissolution action. The parties thereupon memorialized their agreement in writing, in the manner suggested by the defendant, by means of the document annexed as Exhibit “A” to the third amended complaint (the “March 9, 1985 Agreement”), which the defendant signed. The plaintiff thereupon prepared to move and did move to England, at the urging of the defendant;
c. The plaintiff did not receive notice of or attend the final hearing in the dissolution action and was not represented by counsel in connection therewith. The final hearing was, however, attended by the defendant and his attorney;
d. The defendant did not offer the March 9,1985 Agreement into evidence at the final hearing in the dissolution action and did not have the Court approve or incorporate it into the Final Judgment Dissolving Marriage, intending there *1335 by to withhold or conceal said agreement from the Court, without the knowledge of the plaintiff;
e. The defendant nevertheless thereafter acknowledged and partially performed his obligation under the March 9, 1985 Agreement by paying $1,000.00 to the plaintiff, on or about February 22, 1989, as the plaintiffs share of profits arising from the sale of two (2) paintings that were part of the March 9, 1985 Agreement;
f. The plaintiff performed all obligations on her part to be performed pursuant to the March 9, 1985 Agreement, but the defendant has breached the same as alleged in the third amended complaint;
g. The plaintiff did not learn until 1994, and then only by chance, that the defendant had been selling, between 1985 and 1994, other items covered by the March 9, 1985 Agreement, without paying the plaintiff her share of the profits pursuant thereto;
h. After learning of those sales, the plaintiff asked the defendant to pay to the plaintiff all sums due her pursuant to the March 9, 1985 Agreement, but he refused to do so. The plaintiff thereupon instituted this action.
The former wife filed this action for breach of the March 9 Agreement. After an earlier appeal and reversal, see Liberoff v. Liberoff, 673 So.2d 193 (Fla. 3d DCA 1996), the former husband moved for judgment on the pleadings. The trial court granted the motion, reasoning that in the March 6 Agreement, the former wife had released all claims to the property now at issue. Since the March 6 Agreement had been incorporated by reference into the final judgment of dissolution of marriage, the trial court concluded that, on the pleadings, the former husband was entitled to judgment. The trial court’s ruling was, however, expressly without prejudice to seek relief from judgment in the dissolution action. The former wife has appealed.
For purposes of a motion for judgment on the pleadings, “[a]ll well pleaded allegations of the nonmoving party are taken to be true while those of the movant that have been denied are taken as not proved in determining the motion.... This precludes a defendant from obtaining judgment on the pleadings based on his answers since all allegations in it are automatically denied or avoided in the absence of a reply.” Henry P. Trawick, Jr., Trawick’s Florida Practice and Procedure § 10-9, at 195 (1997 ed.) (footnotes omitted).
The former wife’s complaint pled a claim for breach of contract for failure to pay amounts owed under the March 9 Agreement. The former husband responded by asserting the affirmative defenses of res judi-cata and collateral estoppel because the March 6 Agreement had been incorporated by reference in the final judgment of dissolution of marriage.[1] By reply to the affirmative defenses, the former wife countered that the former husband had failed to “offer the March 9, 1985 Agreement into evidence at the final hearing in the dissolution action and did not have the Court approve or incorporate it into the Final Judgment Dissolving Marriage, intending thereby to withhold or conceal said agreement from the Court, without the knowledge of the plaintiff [former wife].”
The applicable law has been summarized as follows:
A judgment sought to be used as a basis for the application of the doctrine of res judicata must have been rendered without fraud or collusion, for the principles of res judicata may not be invoked to sustain fraud. According to the general rule, where the omission of an item is caused by the fraud of the opposing party, it does not bar a subsequent action for the omitted item.
33 Fla. Jur.2d Judgments And Decrees § 165, at 21 (1994); see Restatement (Second) of Judgments § 70 (1982); United States Rubber Co. v. Lucky Nine, Inc., 159 So.2d 874, 875 (Fla. 3d DCA 1963).
*1336 Here the former wife’s pleadings assert what amounts to a claim that the judgment was procured by extrinsic fraud by wrongfully withholding "from the court the March 9 Agreement. See DeClaire v. Yohanan, 453 So.2d 375, 376-78 (Fla.1984); Whitman v. Whitman, 532 So.2d 82, 83 (Fla. 3d DCA 1988). Such extrinsic fraud would, under the rule stated above, preclude the former husband’s reliance on principles of res judicata and collateral estoppel.
The trial court m the present action took the view that the former wife was bound by the dissolution of marriage judgment and could not proceed with her breach of contract claim until such time as she obtained relief from judgment. However, as already stated, the applicable law allows a litigant to defeat a res judicata defense by showing that the judgment relied upon was procured by fraud; it is not a condition precedent to first obtain relief from judgment.[2]
We find no merit in the former husband’s alternative arguments for affir-mance. The former husband is incorrect in his assertion that the March 9 Agreement is nothing more than an unenforceable gratuitous promise to pay. See Ryland v. Ryland, 605 So.2d 138, 139 (Fla. 4th DCA 1992); Bayshore Royal Co. v. Doran Jason Co. of Tampa, 480 So.2d 651, 657 (Fla. 2d DCA 1985). Further, where the former husband has accepted the benefits of an agreement he may not renounce his obligations thereunder. See Fineberg v. Kline, 542 So.2d 1002, 1004 (Fla. 3d DCA 1988).
The order under review is reversed and the cause remanded for further proceedings consistent herewith.

. The March 6, 1985 agreement specified that the trial court would not retain jurisdiction to enforce the agreement, and the final judgment did not do so. The agreement provided, however, that it would survive the final judgment.

. While unnecessary under the authorities just mentioned, nothing would prevent the former wife from asserting in this case an additional claim for relief from judgment. Under DeClaire, relief from judgment on account of extrinsic fraud can be sought through an independent action. See 453 So.2d at 378-79. A loose analogy can be drawn to cases in which a litigant simultaneously (a) seeks to reestablish a lost note, and (b) sues on the same note. See Dunn v. Willis, 599 So.2d 271, 272 (Fla. 5th DCA 1992).