WOLF, J.,
dissenting.
The prior foreclosure action determined the legitimacy of the bank’s efforts to foreclose the mortgage following Bohnsack’s breach of the loan agreement. Alleged tortious actions of the bank, which form the basis of Bohnsack’s current action, consisted of the same actions taken by the bank in enforcing its rights under the prior loan agreement. The present tort action is, therefore, precluded not only by res judicata, but also by the economic loss rule. See, e.g., Smith v. State, Board of Regents, 701 So.2d 348, 349 (Fla. 1st DCA 1997) (noting that where a contract exists, a tort action will lie only for intentional or negligent acts considered to be independent from acts that breached the contract).
While arguably Bohnsack’s complaint also asserts what amounts to a claim that the bank obtained the foreclosure judgment by extrinsic fraud which claim would not be barred under the doctrines of res judicata or collateral estoppel, see Liberoff v. Liberoff, 711 So.2d 1333, 1335-36 (Fla. 3d DCA 1998), I would, nevertheless, affirm because this issue was not raised by Bohnsack.