Paul Kevin DEAN, Appellant–
Defendant,

v.

Danette DEAN, Appellee–Plaintiff.

No. 48A04–0210–CV–495.

Court of Appeals of Indiana.

March 20, 2003.

Christopher T. Smith, Pritzke & Davis, LLP, Greenfield, IN, Attorney for Appellant.

Christopher A. Cage, Hulse, Lacey Hardacre, Austin & Shine, P.C., Anderson, IN, attorney for appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Paul Dean appeals the small claims court's judgment in favor of his former wife Danette Dean. Specifically, Paul contends that the small claims court erred by not dismissing Danette's claim against him because it was an impermissible collateral attack on the dissolution court's judgment. Because a judgment of dissolution is a final judgment not subject to collateral attack in a sister court, we conclude that the small claims court was without jurisdiction to hear Danette's claim and therefore erred by not dismissing it.

### Facts and Procedural History

Paul and Danette were married in September 1993. Danette filed a petition for dissolution of marriage in Madison Circuit Court in October 1999. Danette retained an attorney to represent her in the divorce proceedings, but Paul did not. Thereafter, the parties engaged in negotiations to dispose of their assets and debts. Following negotiations, Danette had her attorney prepare a settlement agreement draft. One of the provisions of the draft provided "[t]hat [Paul] shall pay to [Danette] the sum of Two Thousand Five Hundred Dollars ($2,500.00) within ninety (90) days as her interest in the marital estate." Appellant's App. p. 12. When Danette showed the draft to Paul, Paul told her that he wanted that provision taken out. According to Danette, Paul said that he would

still give her $2500 when he got the money but that the money was "something I'm offering you to help you out, that is between you and I, not your attorney, you and I." Tr. p. 29. Danette then called her attorney and instructed her to take that provision out. The attorney prepared a new Settlement Agreement and Waiver of Final Hearing, which did not contain the provision about the $2500, and both Paul and Danette signed it. On February 15, 2000, the trial court approved the settlement agreement and incorporated it into the Decree of Dissolution of Marriage.

On October 12, 2001, Danette filed a Notice of Small Claim in Madison County Court seeking $2500 plus court courts. She alleged that "[d]uring the divorce both parties agreed to let Paul keep entire savings due to business taxes, in return he offered to give me $2500.00 at a later date in the summer when his business would pick up. That has been 2 yrs. ago [and] ha[s] yet to be paid." Appellant's App. p. 20. Both Danette and Paul subsequently retained attorneys to represent them in these proceedings. In response, Paul filed a motion to dismiss alleging that Danette was "attempting to modify the valid property settlement agreement to which she has previously agreed," which must be sought from the court that entered the decree of dissolution. Appellant's App. p. 21, 22. The small claims court denied Paul's motion, and the matter proceeded to a bench trial. During closing argument, Danette's attorney argued that "the evidence is clear, that there was fraud in the inducement of th[e] ... [settlement] agreement," and therefore he "ask[ed] the Court to find fraud in the inducement." Tr. p. 62, 64. The small claims court entered judgment for Danette and ordered Paul to pay her $1500 plus $500 in attorney's fees and $39 in court costs. The court gave Paul credit in the amount of $1000 for money he had previously given Danette. This appeal ensued.

## Discussion and Decision

■ Paul raises several issues on appeal, one of which we find dispositive: whether the small claims court erred by not dismissing Danette's claim against him because it was an impermissible collateral attack on the dissolution court's judgment. Judgments of a small claims court "shall be subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), "On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." A judgment is clearly erroneous if the record leaves us with a firm conviction that the trial court has made a mistake and when the record contains no facts or inferences therefrom supporting it. *Learman v. Auto–Owners Ins. Co.*, 769 N.E.2d 1171, 1174 (Ind.Ct. App.2002), *trans. denied.*

The Indiana Supreme Court addressed impermissible collateral attacks in *Dodd v. Estate of Yanan*, 625 N.E.2d 456 (Ind. 1993). In *Dodd*, Dodd and Yanan's marriage was dissolved in 1986. When Yanan died in 1989, Dodd discovered that Yanan had withheld information from her concerning his net worth and that he thus perpetrated a fraud in inducing the property settlement agreement, which was incorporated into the decree of dissolution. Dodd subsequently filed a lawsuit against Yanan's estate in probate court seeking damages because of Yanan's alleged fraud. The estate filed a motion to dismiss alleging that Dodd's lawsuit constituted an impermissible collateral attack on the dissolution court's judgment. The trial court

agreed and dismissed the action. Dodd appealed, and the court of appeals reversed the trial court. *Dodd v. Estate of Yanan*, 587 N.E.2d 1348 (Ind.Ct.App. 1992), *reh'g denied, trans. granted*, 625 N.E.2d 456 (Ind.1993). Our supreme court granted transfer. On transfer, the supreme court stated that "[a] judgment of dissolution is a final judgment not subject to collateral attack in a sister court." *Dodd*, 625 N.E.2d at 457. The supreme court further observed:

> It has long been the law in Indiana that a litigant defeated in a tribunal of competent jurisdiction may not maintain an action for damages against his adversary or adverse witnesses on the ground the judgment was obtained by false and fraudulent practices or by false and forced evidence.

*Id.* (quotation omitted). Accordingly, the supreme court found that Dodd's "sole avenue for redress was to first apply for modification of the divorce decree under Ind.Code § 31–1–11.5–17(b) [now Indiana Code § 31–15–7–9.1 [1]], and if successful in such modification, to then proceed to collect a judgment against [Yanan's] estate." *Id.* Noting that this could not be accomplished by a collateral attack in the probate court, the supreme court affirmed the trial court. *Id.*

██ On appeal, Danette attempts to distinguish her case from *Dodd* on grounds that her lawsuit was "an independent action for extrinsic fraud" brought pursuant to Indiana Trial Rule 60(B), and Dodd's lawsuit was not. Appellee's Br. p. 7. We first note that at trial Danette's counsel explicitly asked the small claims court to find that Paul committed fraud in the inducement, which is distinct from an independent action for extrinsic fraud. Moreover, although Trial Rule 60(B) permits an independent action for extrinsic fraud, *see Stonger v. Sorrell*, 776 N.E.2d 353, 355 (Ind.2002), the remedy is the setting aside of the judgment, not damages, which is what Danette sought in her small claims action. *See* Ind. Trial Rule 60(B) ("On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment...."); *In re Paternity of Tompkins*, 518 N.E.2d 500, 504 (Ind.Ct.App.1988) (noting that the remedy for an independent action for extrinsic fraud is "the setting aside of a judgment"). Applying *Dodd* to the present case, we conclude that Danette's small claims action, which sought damages for fraud in the inducement, is an impermissible collateral attack on the dissolution court's judgment. The small claims court was without jurisdiction to hear her claim and therefore erred by not dismissing it.

Judgment reversed.

DARDEN and NAJAM, JJ., concur.

---

1. Indiana Code § 31–15–7–9.1, effective March 12, 1998, provides:
   (a) The orders concerning property disposition entered under this chapter (or I.C. 31–1–11.5–9 before its repeal) may not be revoked or modified, except in case of fraud.

(b) If fraud is alleged, the fraud must be asserted not later than six (6) years after the order is entered.