Gerda GAVRILIS, Plaintiff–Appellant,

v.

Theofanis GAVRILIS, Defendant–
Appellee.

No. 03CA2244.

Colorado Court of Appeals,
Div. III.

April 21, 2005.

As Modified on Denial of Rehearing
June 9, 2005.

Bruce P. Fierst, P.C., Bruce P. Fierst, Denver, Colorado; Polidori, Franklin & Monahan, LLC, Peter L. Franklin, Lakewood, Colorado, for Plaintiff–Appellant.

Berenbaum, Weinshienk & Eason, P.C., I.H. Kaiser, Richard E. Mishkin, Denver, Colorado, for Defendant–Appellee.

DAILEY, J.

In this action for damages arising out of the parties' dissolution of marriage proceeding, Gerda Gavrilis (wife) appeals the summary judgment entered in favor of Theofanis Gavrilis (husband). We affirm.

The parties were married for nearly thirty years. In the last five years of their marriage, the parties instituted three separate dissolution of marriage proceedings. In efforts to reconcile with one another, they abandoned the first two proceedings, in which they had each been represented by counsel. In the third and final proceeding, neither party retained counsel, and they agreed that husband would prepare all necessary paperwork associated with the petition, including financial affidavits for both parties, a separation agreement, and a decree incorporating that agreement.

In March 2000, the trial court accepted, as not unconscionable, the parties' separation agreement and incorporated it into the decree dissolving the parties' marriage. A month later, while at an accountant's office to

sign tax returns for the final year of the parties' marriage, wife discovered an approximately $870,000 discrepancy between the income husband reported on the tax return and what he reported on his financial affidavit in the dissolution proceeding.

Wife did not seek to re-open the judgment entered in the dissolution proceeding under C.R.C.P. 60(b). Instead, in October 2001, she filed the present action for damages against husband, asserting claims for fraud, outrageous conduct, breach of fiduciary duty, breach of contract, and negligence arising from misrepresentations he allegedly made in the dissolution proceeding regarding the parties' income and property.

In her complaint, wife averred that, in the dissolution proceeding, husband had (1) grossly underreported his income and (2) grossly overvalued the assets allocated to her and grossly undervalued the assets allocated to him.

Regarding husband's income, the record reveals, and wife admits, that husband had attached to his financial affidavit a pay stub reflecting his income, including bonuses, for the first nine months of the year. The pay stub accounted for all but approximately $288,000 of the $870,000 discrepancy in income; the remaining $288,000 had been paid to husband in the final three months of the year and after the submission of the financial documents in the dissolution proceeding. Wife necessarily became aware of this remaining amount during the tax preparation process, which occurred a month following entry of the dissolution decree.

Regarding the assets, in the trial court, wife disputed the reported valuations of particular assets, but did not contest that husband had disclosed the existence of all the parties' assets.

Upon husband's motion, the trial court granted summary judgment in his favor. The trial court concluded that: (1) although wife's complaint asserted only claims for damages, it attacked a judgment previously entered in the dissolution case and consequently had to be viewed as an independent equitable action attacking a facially valid decree; and (2) wife could not, as a matter of

law, prevail because, among other things, the type of fraud alleged here would not support an independent equitable action.

■ Wife contends that the trial court erred in granting summary judgment. We disagree.

■ We review de novo the trial court's summary judgment ruling. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo.1995). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions in the record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *see Luttgen v. Fischer*, 107 P.3d 1152, 1154 (Colo.App.2005).

Here, because the facts material to the issues on appeal are undisputed, the question is solely one of law.

Wife acknowledges that, under *In re Marriage of Gance*, 36 P.3d 114, 118 (Colo.App. 2001), she cannot maintain an independent equitable action or, at the time she filed suit, seek relief under C.R.C.P. 60(b), because the type of fraud alleged here is intrinsic rather than extrinsic. She contends, however, that she may nonetheless pursue an independent *damages* action against her ex-spouse for wrongs committed during the dissolution proceeding. We are not persuaded.

■ Claim preclusion (otherwise known as res judicata) bars litigation of matters that were decided, as well as matters that could have been raised but were not, in a prior proceeding. "For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo.2005).

■ In this case, only the third element—identity of claims—is at issue. In analyzing whether there is an identity of claims, we do not focus on the specific claim asserted or the name given to the claim; rather, we examine the injury for which re-

lief is requested. Claim preclusion bars litigation "not only of all claims actually decided, but of all claims that might have been decided if the claims are tied by the same injury." *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth., supra,* 109 P.3d at 609; *see also Michaelson v. Michaelson,* 884 P.2d 695, 699 (Colo.1994)(whether a claim was or could have been litigated in a prior proceeding is determined by examining the party's injury, not the legal theory upon which the party relies).

Here, wife asserts that husband's misrepresentations about his income and the value of marital assets deprived her of a fair and equitable share of the couple's property. Because achieving a fair and equitable division of property is one of the primary objectives of a dissolution proceeding, wife's claims here are integrally tied to those she asserted, or could have asserted, in the dissolution proceeding. Thus, we conclude these claims are now barred.

Our conclusion is supported by case law in this and other jurisdictions.

In *Rieger v. Rieger,* 39 Colo.App. 471, 566 P.2d 722 (1977), the wife sued her ex-husband for damages, alleging fraud, constructive fraud, and breach of contract arising out of the execution and approval of a property settlement agreement. She instituted the action after the dissolution court dismissed her independent equitable action as untimely. The dissolution court granted a permanent injunction enjoining the civil suit. In reviewing the permanent injunction, the division in *Rieger* concluded that "inasmuch as plaintiff's [damages] action ... was an impermissible collateral attack on the [dissolution] court's decree, it was within the authority of the trial court to enjoin plaintiff from proceeding in that litigation." *Rieger v. Rieger, supra,* 39 Colo.App. at 473, 566 P.2d at 724 (citations omitted).

Likewise, in *Nederlander v. Nederlander,* 205 Mich.App. 123, 517 N.W.2d 768, 770 (1994), the wife sued her ex-husband for conspiracy to defraud, fraud on the court, fraudulent misrepresentation, breach of fiduciary duty, abuse of process, and intentional infliction of emotional distress in connection with his misrepresentations about the value of two investments he held at the time of dissolution. The Michigan Court of Appeals concluded that "allowing a party to file an independent [damages] action for [intrinsic] fraud ... after the divorce judgment is entered [and the time for relief from judgment has expired] ... is contrary to the public policy behind the finality of judgments." In passing, the court noted that "[t]he exercise of due diligence during the course of liberal discovery should expose any intrinsic fraud that may be present in the divorce proceeding." *Nederlander v. Nederlander, supra,* 517 N.W.2d at 770.

Similarly, in *Dean v. Dean,* 785 N.E.2d 309, 311 (Ind.Ct.App.2003), the wife brought a damages action in small claims court for fraud in the inducement, based on her ex-husband's promise to pay her $2,500 as long as she did not list that payment in the property settlement in the dissolution proceeding. Reasoning that "a litigant defeated in a tribunal of competent jurisdiction may not maintain an action for damages against his adversary ... on the ground the judgment was obtained by false and fraudulent practices," the Indiana appellate court held that the wife's claims were impermissible collateral attacks on the dissolution decree. Consequently, the small claims court was without jurisdiction to hear her claim for damages. *Dean v. Dean, supra,* 785 N.E.2d at 311 (quoting *Dodd v. Estate of Yanan,* 625 N.E.2d 456, 457 (Ind.1993)). *See generally Nelson v. Williams,* 135 S.W.3d 202, 206 (Tex.App.2004)(res judicata barred independent damages claims for breach of fiduciary duty, fraud, civil conspiracy, and negligence, because underlying matter (i.e., fraud concerning the value of the community estate) could have been litigated in dissolution case); *Tudhope v. Riehle,* 167 Vt. 174, 704 A.2d 765, 767 (1997)(upholding dismissal of wife's damages complaint, alleging fraud and unconscionability, as "nothing more than a collateral attack on the divorce judgment").

We recognize that some courts have permitted independent damages actions for wrongs committed in dissolution proceedings. *See Bates v. Bates,* 1 Ariz.App. 165, 400 P.2d 593, 597 (1965); *Liberoff v. Liberoff,* 711 So.2d 1333, 1335–36 (Fla.Dist.Ct.App.1998); *Oehme v. Oehme,* 10 Kan.App.2d 73, 691 P.2d

1325, 1326 (1984). However, because the decisions in those cases are grounded upon principles that have been rejected in Colorado, we find them unpersuasive. *Compare Bates v. Bates, supra* (allowing damages action, under extrinsic fraud exception to res judicata, for nondisclosures of the type alleged here), *and Liberoff v. Liberoff, supra* (same), *with Marriage of Gance, supra* (nondisclosures of the type here qualify as intrinsic, rather extrinsic fraud); *compare also Oehme v. Oehme, supra* (property settlement agreement is a contract bestowing rights and obligations independent of the dissolution decree), *with* § 14–10–112(5), C.R.S.2004 (settlement agreement merges into dissolution decree, extinguishing rights based in contract unless specifically reserved), *and In re Marriage of Seymour*, 36 Colo.App. 104, 108–09, 536 P.2d 1172, 1174–75 (1975)(same).

We are persuaded by *Rieger v. Rieger, supra*, and decisions in other jurisdictions precluding collateral attacks on dissolution decrees. Thus, we hold that here claim preclusion bars wife's independent damages action for wrongs allegedly committed by husband in the dissolution proceeding.

Under C.R.C.P. 60(b)(2), wife had six months following entry of judgment in the dissolution proceeding to seek relief from that judgment based on husband's alleged fraud. *Cf.* C.R.C.P. 16.2(e)(10) (motions alleging fraud in disclosures and seeking relief from dissolution judgment, which are filed on or after January 1, 2005, now subject to five-year limitation). She may not use a damages action to achieve the same result.

Wife's reliance on *Simmons v. Simmons*, 773 P.2d 602 (Colo.App.1988); *In re Marriage of Lewis*, 66 P.3d 204 (Colo.App.2003); and even *Marriage of Gance, supra*, is misplaced. In all three cases, a party was permitted to pursue a damages action against an ex-spouse. However, in the first two cases, damages were sought based on acts wholly independent from, and unassociated with the issues in, the dissolution proceeding. *See Simmons v. Simmons, supra*, 773 P.2d at 604 (damages action for personal injuries and assaults occurring during the marriage); *Marriage of Lewis, supra*, 66 P.3d at 205–06 (damages action involved claims related to property that had not been determined to be part of the marital estate). And, in *Mar-*

*riage of Gance, supra*, the division was not asked to address, nor did it address, the application of res judicata principles to the separate damages action. Moreover, there, damages were permitted for acts that, although directly related to the dissolution proceeding, were not discovered, and presumably could not have been discovered through the exercise of reasonable diligence, within the six-month period under C.R.C.P. 60(b)(2) for seeking relief from judgment. The circumstances in the present case are markedly different.

In this case, husband had disclosed to wife, in the dissolution proceeding, the existence of all assets and, on an attachment to the financial affidavit, all of his income received as of the time he filed the financial affidavit. At issue here is whether husband misrepresented the value of the parties' assets. Also at issue is whether husband misrepresented his income, by failing to (1) report on the affidavit itself the figures from the pay stub attached to the affidavit and (2) disclose a subsequently paid bonus and salary. Because these matters could have been discovered with reasonable diligence and litigated within the dissolution proceeding or the applicable six-month period thereafter for seeking relief from judgment, wife is barred from pursuing the present damages action against husband.

Finally, to the extent that wife makes additional arguments about hidden and/or improperly valued assets, we do not consider them because they were not presented either to the trial court, *see Crum v. April Corp.*, 62 P.3d 1039, 1042 (Colo. App. 2002)("Arguments not presented to or ruled on by the trial court are deemed waived and cannot be raised for the first time on appeal."), or in the opening brief on appeal. *See In Re Marriage of Smith*, 7 P.3d 1012, 1017 (Colo. App. 1999)(declining to address argument raised for the first time in reply brief).

The judgment is affirmed.

Judge CASEBOLT and Judge PICCONE concur.