In re the MARRIAGE OF Linda D. HEIM, Appellee,

and

Evan S. Heim, Appellant.

No. 78–1006.

Colorado Court of Appeals, Div. I.

Dec. 28, 1979.

Russell, Angelo & Wright, P. C., Wyatt B. Angelo, Gunnison, for appellee.

Kasic & Landwehr, Roderick E. Landwehr, Gunnison, for appellant.

COYTE, Judge.

Husband appeals from the judgment of the trial court contending that certain property found by the court to be non-marital was in fact marital property. We agree and reverse.

During the marriage of the parties, the wife resigned from her position with the Forest Service, and there was then paid to her the contribution she had made to the United States Civil Service Retirement Fund in the amount of approximately $2,000. This money was subsequently invested by the wife in certificates of deposit which were put in her name. Using the funds represented by these certificates, she thereafter purchased a parcel of real estate which she titled in her name. After the separation of the parties, the husband purchased a pickup truck, and he also had accrued a credit of certain funds from his employment which went into a retirement fund maintained by his employer. All of these items were found by the court to be non-marital property by agreement.

Husband contends that these items were marital property and should have been considered as such by the trial court in making the division of property.

Section 14–10–113(2)(d), C.R.S.1973, provides that property acquired during the marriage is marital property except "property excluded by valid agreement of the parties." At the time wife received the retirement funds she inquired of her husband how she should hold them, and he replied they were hers and she could do with them as she pleased. She then bought a certificate of deposit in the amount of $2,000. Later when she became interested in some real estate referred to as the Steuben Creek house, and inquired of the husband whether she should buy the property, he showed no interest in it, would not accompany her to look at the property, and as wife testified, "wouldn't even look at it." She then purchased the real estate and titled it in her name.

The pickup truck was titled in the husband's name, and there was no showing that the wife claimed any interest in the truck nor the amount paid into the retirement fund from the husband's employment. However, the truck was acquired during the marriage, and thus, absent an agreement to the contrary, it was marital property.

Despite the husband's attitude demonstrating no interest in the property, the record is bare of any agreement of the parties specifying the property to be non-marital, as is contemplated by the statute. Nor is there any such agreement relative to the pickup truck, or the husband's retirement funds credit.

Property titled in the name of one spouse that was acquired during the parties' marriage cannot be considered non-marital property merely because of a course of conduct by the other spouse showing a lack of interest or concern for the property. The statute mandates that the only way that such property may be considered as non-marital property is for the parties to make a valid agreement expressing their intent to exclude the property from their marital possessions. This was not done here. Thus, the evidence does not support the finding of

the trial court that by agreement this specific property was non-marital property.

While the trial court has wide discretion in making a division of property between the parties, that division must be based upon the evidence presented. Hence, the various items of property at issue here were all marital property and should have been divided by the court as such. *In re Marriage of Femmer*, 39 Colo.App. 277, 568 P.2d 81 (1977).

Since the court did not consider the distribution of this marital property in its judgment, the judgment is reversed and the cause is remanded to the trial court for a new division of property wherein the court considers these four items as marital property.

KELLY, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting.

I dissent from the majority's conclusion that the parties did not enter into a valid agreement to make the four items of property non-marital. The trial court found that this property was "excluded as marital property by agreement." *See* § 14–10–113(2)(d), C.R.S.1973. The only evidence presented on that subject supports the court's finding, and that finding is, therefore, binding on appeal. *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972).

The wife stated that she was making no claims to the husband's pickup truck, nor to the amount paid in by him into his retirement fund. The husband admitted that he had an agreement with the wife that the money reimbursed to her from her retirement fund on her termination of employment was to be placed in a certificate of deposit in her name. She testified that he told her that these funds were hers, and that she should put them "in CD's as just yours alone."

The Steuben Creek house was purchased by her after the separation, using most of the money in the CD, plus money borrowed by her alone. He testified that his wife contacted him concerning the possible purchase of a home for her, and he did not express any interest in that home. Her testimony was, "As far as I understood, it's my home, and he wouldn't come and look at it with me." She admitted there was no written agreement, but, in response to a question, "Any other kind of agreement?" stated, "He didn't want to have anything to do with it. He wouldn't even look at it." As to whether there was an agreement that this was to be her property, she said, "That was my understanding. I asked him to come and look at the condition for me, and all he said was it was my baby." In the husband's affidavit with respect to financial affairs, he listed the Steuben Creek house as being "wife's property."

I would affirm the trial court.