**In re the MARRIAGE OF Marie E. McCADAM, n/k/a Marie Evelyn Macozek, Appellant,**

**and**

**Douglas S. McCadam, Appellee.**

**No. 94CA1192.**

Colorado Court of Appeals, Div. IV.

Dec. 7, 1995.

Bader & Villanueva, P.C., Jeffrey M. Villanueva, Kelly L. Shafer, Denver, for Appellant.

Fahrenholtz & Riva, P.C., Grant W. Riva, Avon, for Appellee.

Opinion by Chief Judge STERNBERG.

Marie Evelyn Macozek (wife) appeals the property distribution portion of a judgment dissolving her marriage to Douglas Stanley McCadam (husband). We reverse and remand the cause with directions.

Husband and wife were married on August 23, 1984. At that time, wife owned certain real property. Shortly after the marriage, she sold the property and loaned husband $25,000 of the sales proceeds for use in his restaurant business. The loan was evidenced by a promissory note dated June 11, 1985, which husband signed both as president of his restaurant business and as personal guarantor.

The promissory note provided for interest at the rate of sixteen percent per annum with monthly payments of $333.33. The principal and any unpaid interest were due on April 15, 1987. The note provided for default interest at the rate of eighteen percent per annum. Husband defaulted on the note after making one payment.

The dissolution action was filed in late 1993, and approximately seven months later, wife filed a separate lawsuit seeking to collect principal and interest due under the note. The trial court consolidated that suit with the dissolution action.

At a permanent orders hearing on May 3, 1994, the parties presented evidence concerning the proposed division of property. The court concluded that the $25,000 principal amount due under the note was neither a marital asset nor a marital debt. Initially, the trial court indicated it was accepting a figure of $7,000 for interest due under the note, but then, without any findings or further discussion, stated that it was "not going to pay any interest on the note." The permanent orders made no reference to interest due under the note, instead indicating only that husband owed wife the $25,000 principal amount.

Husband asserts that the trial court considered the interest on the note to be marital property and, in its discretion, simply chose not to assess the interest against husband. In the alternative, husband argues that the trial court concluded implicitly that wife had abandoned any right she had to collect interest under the note. There is no support in the record for either of husband's contentions.

Wife contends that any interest due under the promissory note was her separate property and should not have been disregarded by the trial court. We agree that the interest should not have been ignored and hold that it should have been classified as marital property. We also hold that the interest due should be classified as a marital debt.

Section 14–10–113(2), C.R.S. (1987 Repl. Vol. 6B) defines marital property as all property acquired by either spouse during the marriage except:

(a) Property acquired by gift, bequest, devise or descent;

(b) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

(c) Property acquired by a spouse after a decree of legal separation; or

(d) Property excluded by valid agreement of the parties.

■ Section 14–10–113(3), C.R.S. (1987 Repl.Vol. 6B) provides that property acquired by either spouse after marriage is presumed to be marital. Such presumption may be overcome, however, by establishing that the property in question was acquired by a method listed above in § 14–10–113(2). Assets not falling within the specific definition of separate property are deemed to be marital in nature subject to equitable division by the court. *See In re Marriage of Fields,* 779 P.2d 1371 (Colo.1989).

Recently, a division of this court held that income received during the marriage from a non-marital asset is to be considered marital property subject to distribution. *In re Marriage of Foottit,* 903 P.2d 1209 (Colo.App. 1995).

■ By the express language of § 14–10–113(2)(b), C.R.S. (1987 Repl.Vol. 6B), the promissory note and the principal due thereunder, being property acquired in exchange for property acquired prior to the marriage,

were correctly treated as wife's separate property.

The wife argues that the language of the promissory note itself constitutes a "valid agreement" between the parties to treat the interest as her separate property as that term is used in § 14–10–113(2)(d), C.R.S. (1987 Repl.Vol. 6B). That statute has been interpreted as mandating that property acquired during a marriage may be considered non-marital if the parties make a valid agreement expressing their intent to exclude such property from their marital possessions. *See In re Marriage of Howard,* 42 Colo.App. 457, 600 P.2d 93 (1979); *see also In re Marriage of Heim,* 43 Colo.App. 511, 605 P.2d 485 (1979).

Contrary to the wife's argument, there is no language in the promissory note indicating that the parties agreed the interest would be treated as wife's separate property. The note itself merely contains a promise of the husband to pay principal and interest as above described. This language falls short of constituting a "valid agreement" that the interest would be deemed anything other than marital property. To hold otherwise would be to read into the language of the promissory note provisions more appropriately contained in a pre- or post-nuptial agreement addressing the subject. Thus, on remand, the trial court should treat interest accrued on the note as of the date of the hearing on property division as marital property. *See In re Marriage of Foottit, supra.*

On remand, the trial court should make specific findings regarding the amount of interest accrued under the promissory note as of May 3, 1994, the date of the hearing on permanent orders and property division. *See* § 14–10–113(5), C.R.S. (1987 Repl.Vol. 6B). The court should then classify the accrued interest as marital property and the interest payable as a marital debt. Interest accruing after May 3, 1994 (the date of the decree), however, is the wife's separate property. In light of this change in the marital estate, the trial court on remand must re-examine the entire property division order and then divide the property equitably. In so ordering, we do not imply that the net result of this re-examination must be significantly different from that ordered originally by the trial court.

The judgment is reversed, and the cause is remanded with directions that a new property division order be entered consistent with this opinion.

HUME and DAVIDSON, JJ., concur.