In re the MARRIAGE OF Cleone
LEWIS, Appellee,

and

Alen Drue Lewis, Appellant.

No. 01CA0013.

Colorado Court of Appeals,
Div. V.

Feb. 13, 2003.

Law Office of Suzan Trinh Almony, Suzan
Trinh Almony, Broomfield, Colorado, for Appellee.

Friednash & Hannigan, P.C., Douglas J.
Friednash, Michelle T. Hannigan, Denver,
Colorado, for Appellant.

Opinion by Judge ROY.

Alen Drue Lewis (husband) appeals from
the permanent orders entered in connection
with the dissolution of his marriage to Cleone
Lewis (wife). We affirm in part, vacate in
part, and remand with directions.

The parties had been married twenty-five
years, and at the time of the final orders they
had two principal assets, the family home
and husband's retirement plan. The court
found that the fair market value of the family
home was $167,000, with an equity of $20,000,
and awarded it to wife. The court divided
husband's pension equally by means of a
qualified domestic relations order.

During the marriage, wife received a substantial inheritance from her family. The trial court found that much of that inheritance had been gifted to the marriage and spent by the parties. The trial court further found that in 1978 and 1979, husband had executed demand promissory notes to wife for other portions of her inheritance in the principal amounts of $2,650 and $39,817.25, which were not gifts to the marriage. Wife testified that no payments had been made on the promissory notes. The trial court entered judgments on the promissory notes in favor of wife for the outstanding principal and accrued interest through the date of the permanent orders hearing in the amounts of $8,862.42 and $207,990.14.

The trial court further ordered husband to name the parties' children as beneficiaries of a substantial life insurance policy on wife's life and also ordered him to obtain a life insurance policy on his life in the amount of $250,000, with wife as the beneficiary to secure the judgment on the promissory notes. Finally, the court ordered husband to pay $5,000 of wife's then outstanding attorney fees.

### I.

■ Husband asserts, for the first time on appeal, that the judgments on the two promissory notes in favor of wife were barred by the statute of limitations. Wife counters that the statute of limitations is an affirmative defense which must be first raised in the trial court. Whatever the merit of the parties' arguments, we conclude that the entry of judgment was contrary to the public policy of this state, and therefore we vacate the judgments and related orders.

Wife filed a petition for a legal separation requesting a decree of legal separation, custody or allocation of parental responsibilities and child support with respect to the unemancipated child, maintenance, equitable distribution of the marital property and debt, attorney fees and costs, and "all other and further Orders this Court deems appropriate." Husband was served with process and filed a response seeking dissolution of the marriage.

Proceedings for dissolution of marriage or legal separation under the Uniform Dissolution of Marriage Act are statutory and equitable in nature. *See* § 14–10–101, et seq., C.R.S.2002; H. Clark, *The Law of Domestic Relations in the United States* § 15.1 (2d ed.1987).

The purposes of the Act include promotion of amicable settlement of disputes that have arisen between the parties. Section 14–10–102(2)(a), C.R.S.2002. The Act specifically authorizes, inter alia, the courts to dissolve the marriage, enter protective orders and injunctive relief, determine the allocation of parental responsibilities, determine child support and maintenance, divide the marital property, award attorney fees, and resolve postdecree disputes. *See* §§ 14–10–106, 14–10–113, C.R.S.2002. These are the matters normally resolved in a dissolution proceeding.

An action to collect a promissory note is a civil action at law. While many of the technical distinctions between law and equity have been abolished, C.R.C.P. 2, some differences remain. For example, a party to an action in which money is claimed to be due on a contract is entitled to trial by jury. C.R.C.P. 38(a). All issues raised or presented in a dissolution proceeding are to be resolved by the court in equity sitting without a jury. Section 14–10–107(6), C.R.S.2002.

In *Simmons v. Simmons*, 773 P.2d 602 (Colo.App.1988), a division of this court held that it was contrary to sound public policy to permit the joinder of tort actions in a proceeding for dissolution of marriage. In *Simmons*, following the entry of a decree of dissolution, the wife commenced a tort action against the husband for an assault that occurred during the marriage. The husband argued that the claim should have been brought in the dissolution proceedings as a compulsory counterclaim and that the dissolution of marriage statute contemplates a complete resolution of all disputes arising during the marriage in a single proceeding. The division stated:

Accordingly, we adopt the reasoning of the Utah [e.g., *Walther v. Walther*, 709 P.2d 387 (Utah 1985)] and Arizona [*Windauer v. O'Connor*, 107 Ariz. 267, 485 P.2d 1157

(1971)] courts, and hold that the efficient administration of dissolution cases requires their insulation from the peculiarities of matters at law. The joinder of marriage dissolution actions with claims sounding in tort or, for instance, contract would require our trial courts to address many extraneous issues, including trial by jury, and the difference between the "amicable settlement of disputes that have arisen between parties to a marriage," and the adversarial nature of other types of civil cases. Moreover, such would create tension between the acceptance of contingent fees in tort claims and our strong and longstanding public policy against contingent fees in domestic cases. *We conclude that sound policy considerations preclude either permissive or compulsory joinder of interspousal tort claims, or non-related contract claims, with dissolution of marriage proceedings.*

*Simmons v. Simmons, supra,* 773 P.2d at 604 (emphasis added; citations omitted).

While *Simmons* involved a tort action, the division stated in dictum that its reasoning applied equally to contract actions. We agree with the *Simmons* dictum and hold that the joinder of wife's promissory note claims with the dissolution of marriage action is contrary to public policy.

We also observe that in the dissolution proceedings, the trial court is required to classify the promissory notes, the accrued interest, and the interest due as either marital or separate property. *See* § 14–10–113, C.R.S.2002. The trial court made no explicit classification here.

■ Any separate property must be set over to wife outside the division of the marital estate. Any marital property is divisible between the parties. Under the rationale of *In re Marriage of McCadam,* 910 P.2d 98 (Colo.App.1995), unless the promissory notes evidence an intent that the interest be treated as separate property, the interest accruing during the marriage is a marital asset, and any interest due at the time of the dissolution of the marriage is a marital debt. *See* § 14–10–113(4), C.R.S.2002.

Therefore, the judgments entered on the promissory notes and the order dividing the marital property must be vacated and the matter remanded to the trial court for further proceedings. Having so concluded, we do not address husband's separate argument that the division of the marital property was inequitable.

### II.

■ Husband also asserts that the court erred in requiring him to change the beneficiaries on the life insurance policy insuring wife and to purchase a life insurance policy insuring his life in the amount of $250,000 as security for the promissory notes. We agree.

Inasmuch as the children were, at the time of the permanent orders hearing, emancipated, we agree with husband that the trial court lacked the authority to order him to maintain the life insurance for the children's benefit. *Compare Giambrocco v. Giambrocco,* 161 Colo. 510, 423 P.2d 328 (1967), *and In re Marriage of Sewell,* 817 P.2d 594 (Colo. App.1991)(court cannot award any part of a parent's property to minor children, nor can the court compel a parent to convey property to minor children or transfer property into a trust for the children's benefit), *with In re Marriage of Icke,* 189 Colo. 319, 540 P.2d 1076 (1975)(life insurance policy provides a reasonable and practical means by which the child support obligation can be met).

Further, because we have vacated the judgment that was to be secured by the insurance policy, that part of the order requiring husband to obtain that life insurance policy must also be vacated.

### III.

■ Husband also asserts that the court erred in valuing the marital residence at $167,000, and he argues that it should have accepted the second market appraisal, which valued the home at $199,000. We disagree.

Determinations as to the value of property are within the trial court's discretion and will not be disturbed if they are reasonable in light of the evidence as a whole. *In re Marriage of Burford,* 26 P.3d 550 (Colo.App.

2001). Further, credibility determinations and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom, are matters within the sole discretion of the trial court. *In re Marriage of Gorman*, 36 P.3d 211 (Colo.App.2001).

Here, wife tendered one market analysis that established the value of the marital home at $163,000 to $167,000. Wife testified that this opinion was credible because the home was in significant disrepair. Husband conceded that the house was in need of repair. Wife also tendered another property value report and testified that the value of $190,000 represented in that report was based upon sale after substantial repairs were made to the home. Neither evaluator testified.

Husband asserted that he had not received copies of the reports prior to the hearing. Wife testified that she had sent a copy of both reports to husband. The trial court, with support in the record, concluded that the reports had been appropriately dispatched to husband. Husband did not seek a continuance to obtain his own analysis and did not testify to his opinion of value.

Under these circumstances, it was within the discretion of the trial court to accept wife's opinion of value as an owner of the property, which opinion was partially based upon her extensive knowledge of the property, a heightened awareness of its value, and the valuations provided to her. *See In re Marriage of Plummer*, 709 P.2d 1388 (Colo. App.1985).

### IV.

 Husband finally contends that the court erred in requiring him to pay $5,000 of wife's outstanding attorney fees of $7,500, particularly when she was granted most of the marital property and earned more than he did. We conclude that the issue must be revisited on remand.

The purpose of an award of attorney fees under § 14–10–119, C.R.S.2002, is to apportion the costs of dissolution equitably based on the current financial resources of the parties. *In re Marriage of Upson*, 991

P.2d 341 (Colo.App.1999). After the trial court reconsiders the property division, it should also reconsider wife's request for fees.

Those portions of the permanent orders awarding judgments against husband and in favor of wife on the promissory notes, requiring husband to maintain life insurance for the children's benefit and to secure the judgments, and awarding wife attorney fees are vacated, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.

Judge MARQUEZ and Judge NIETO concur.