2012 COA 83

**In re the MARRIAGE OF Sarah L. PAIGE, Appellee,**

and

**Steven R. Paige, Appellant.**

**No. 11CA0893.**

Colorado Court of Appeals, Div. I.

May 10, 2012.

Robert P. Johns, Denver, Colorado, for Appellee.

Aitken Law, LLC, Sharlene J. Aitken, Denver, Colorado, for Appellant.

Opinion by Judge TAUBMAN.

¶ 1 In this post-dissolution of marriage proceeding between Steven R. Paige (father) and Sarah L. Paige (mother), father appeals the denial of his motion to retroactively modify a child support order based on a change in physical care of the parties' child. Because the court erred in requiring a written agreement between the parties as to the change in physical care and also failed to hold a hearing, we reverse the order and remand for a hearing on father's motion.

### I. Background

¶ 2 In the 2000 permanent orders, mother was designated as the primary residential parent and father was ordered to pay mother monthly child support in the amount of $1,057.24. Father was also ordered to pay mother maintenance, attorney fees, and certain sums to facilitate the property division.

¶ 3 In 2008, mother filed a motion requesting contempt sanctions against father for his failure to pay amounts due under the court's orders, including child support from July 2000 to April 2005, when the child became emancipated. Before the contempt matter was heard on two dates in November 2009 and May 2010, father filed, in July 2009, a motion to modify the 2000 child support order. Father argued that pursuant to an unwritten agreement between the parties, the child lived with him from July or August 2000 to March 2003, and again from September 2003 through her emancipation. Citing the change in physical care, father asserted that there should be a corresponding retroactive modification of child support during those times, which should also be reflected in the court's consideration of mother's request for contempt sanctions.

¶ 4 Contrary to mother's assertion on appeal, the court specifically refrained from hearing father's motion to modify during the contempt hearing. In a May 2010 bench ruling, the court found that father failed to pay child support, but it declined to impose any contempt sanctions.

¶ 5 In a 2011 order,[1] the court denied father's motion to modify the 2000 child support order. The court issued the order without a hearing, even though father had repeatedly requested one. The court found that it could retroactively modify child support to the date of change in physical care,

> provided that a mutually agreed upon change in physical care actually occurred. Father's only evidence of such an agreement are the affidavits filed by him and [the emancipated child]. While both affidavits speak to a mutually agreed upon change in physical care, [m]other denies that there was ever any agreement.
>
> Without any mutual agreement that was reduced to writing, the [c]ourt cannot determine whether any such agreement ever existed.

Father's motion to reconsider was denied.

¶ 6 Father contends that the court erred, as a matter of law, in requiring a written agreement, and also erred in failing to hold a

---

1. The delay in ruling on the motion to modify was caused by the court's inability to find the 2009 motion, even though our review of the record on appeal indicates it was filed. Father filed a replacement motion to modify in 2010.

hearing when it acknowledged that there was a disputed issue of fact as to the existence of a mutual agreement. We agree with both contentions.

## II. The Modification Statute

■ ¶ 7 Under section 14–10–122(1)(a), C.R.S.2011, a modification of child support is generally effective as of the date of filing of a motion to modify. However, pursuant to section 14–10–122(5), C.R.S.2011, "when a mutually agreed upon change of physical care occurs, the provisions for child support of the obligor under the existing child support order, if modified pursuant to this section, will be modified as of the date when physical care was changed." *In re Marriage of Emerson,* 77 P.3d 923, 924–25 (Colo.App.2003); *see also In re Marriage of White,* 240 P.3d 534, 537–38 (Colo.App.2010) (noting that "section 14–10–122(5) [is] an exception to the general rule that modifications may not be retroactively [made] to a date before the filing of the motion").

## III. Necessity of Written Agreement

¶ 8 Whether section 14–10–122(5) requires a written agreement for a change in physical care appears to be an issue of first impression. However, we note that without directly addressing the issue, one case states that "the record shows (and the trial court found) that ... the parties orally agreed the child would live primarily with father." *White,* 240 P.3d at 541 (Loeb, J., specially concurring).

■ ¶ 9 Interpretation of the child support statutes is a question of law that we review de novo. *In re Marriage of Mugge,* 66 P.3d 207, 210 (Colo.App.2003). "We look first to the plain language of the statute, and if that language is clear and unambiguous on its face, we apply the statute as written." *In re Marriage of Schmedeman,* 190 P.3d 788, 790 (Colo.App.2008).

¶ 10 Neither section 14–10–122(5) nor its counterparts, section 14–10–122(1)(c)–(d), C.R.S.2011, specify that the agreement must be in writing. We perceive no reason to add a requirement that is not there, especially given the lack of ambiguity in the statute. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480,

482 (Colo.1985) ("a court should not read nonexistent provisions into" a statute); *In re Marriage of Lishnevsky,* 981 P.2d 609, 611 (Colo.App.1999) (where reimbursement remedy was not mandated under the child support provisions, reviewing court "may not read that provision into the statute").

■ ¶ 11 Thus, it is clear that, because only a mutual agreement is specified in section 14–10–122(5), it is unnecessary for that agreement to be reduced to writing. *See In re Marriage of Barker,* 251 P.3d 591, 593 (Colo.App.2010) (provisions in sections 14–10–129(2)(a) and 14–10–131(2)(a), C.R.S.2011, that court may modify parental responsibility orders when "[t]he parties agree to the modification," "do not require the parties' agreement to be reduced to writing or signed"); *see also In re Marriage of Heim,* 43 Colo.App. 511, 512, 605 P.2d 485, 486 (1979) (applying section 14–10–113(2)(d), C.R.S.2011, which provides that the parties may, by "valid agreement," exclude from marital property any property acquired during the marriage; based on evidence regarding the parties' oral discussions about property, trial court concluded that items discussed were nonmarital property by agreement; while the majority and dissent disagreed on the sufficiency of the evidence, neither questioned nor disputed that a "valid agreement" could be oral).

¶ 12 When the General Assembly has intended to require a written agreement, it has done so expressly. A written agreement is specifically required for a marital agreement, § 14–2–303, C.R.S.2011 ("marital agreement shall be in writing and signed"); to enter into a separation agreement, § 14–10–112(1), C.R.S.2011 ("parties may enter into a written separation agreement"); to waive temporary maintenance, § 14–10–114(2)(b)(I)(C), C.R.S. 2011 ("parties may agree in writing to waive temporary maintenance"); and to divide certain retirement benefits, § 14–10–113(6)(c), C.R.S.2011 (parties' marital or separation agreement may include a written agreement for the division of public employee retirement benefits). Even section 14–10–122, C.R.S.2011, itself refers to written agreements that differ from the "mutually agreed upon" language in section 14–10–122(5). § 14–10–122(2)–(3), C.R.S.2011 (effect of

death on maintenance and child support obligations is governed by statute "[u]nless otherwise agreed in writing"). Likewise, section 14–10–115, C.R.S.2011, contains some subsections that require a written agreement, while others simply require an agreement. *Compare* § 14–10–115(13), (15), C.R.S.2011 (written agreement required to deviate from provisions on emancipation and post-secondary education), *with* § 14–10–115(11), (12), (14), C.R.S.2011 (no written agreement specified in subsections governing extraordinary adjustments, dependency exemptions, or annual exchange of information).

¶ 13 Because no written agreement is required under section 14–10–122(5), the trial court erred in requiring one here. We therefore reject mother's argument that the court's statement—that "[w]ithout any mutual agreement that was reduced to writing, the [c]ourt cannot determine whether any such agreement ever existed"—is "superfluous dicta." *See Hardesty v. Pino,* 222 P.3d 336, 340 (Colo.App.2009) ("A holding and its necessary rationale . . . are not dicta.").

### IV. Right to a Hearing

¶ 14 Because the court erred in requiring a written agreement, and acknowledged that there was a factual issue as to the existence of a "mutually agreed upon change of physical care" under section 14–10–122(5), it must hold an evidentiary hearing on remand. *See In re Marriage of Green,* 93 P.3d 614, 617 (Colo.App.2004) (hearing was required on motion to retroactively modify child support where "numerous issues of fact were disputed, including the time during which the older child lived with husband or husband's mother").

¶ 15 The order is reversed and the case is remanded for a hearing on father's motion to modify.

Judge FOX and Judge ROTHENBERG * concur.