24CA1325 Sunderman v Sunderman 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1325
Larimer County District Court No. 23CV30772
Honorable Stephen J. Jouard, Judge

---

Steven Sunderman,

Plaintiff-Appellant,

v.

Pam Sunderman d/b/a Pam Sunderman Design,

Defendant-Appellee.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE YUN
Tow and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Fischer Law Group, P.C., Erik G. Fischer, Ashleigh Bravo, Fort Collins,
Colorado, for Plaintiff-Appellant

Paige Mackey Murray LLC, Paige Mackey Murray, Boulder, Colorado, for
Defendant-Appellee

¶ 1    In this post-dissolution of marriage case, Steven Sunderman (husband) appeals the district court's grant of summary judgment to Pam Sunderman (wife) on his claim for repayment of loans executed between the parties during the marriage. Husband contends that the court erred by determining that his claim was (1) barred by the doctrine of claim preclusion and (2) released by the separation agreement incorporated in the final decree of the parties' dissolution of marriage. We affirm the judgment and remand for a determination of wife's attorney fees incurred in defending this appeal.

I.    Background

¶ 2    The parties married in 2014. In 2020, husband made five loans to wife totaling $81,200 for the "[p]urchase, renovation, and resale" of a property in Loveland, Colorado. The named borrower on the loan contracts was Pam Sunderman Design, wife's sole proprietorship.

¶ 3    The parties filed for dissolution of marriage in 2021 and, after mediation, executed a separation agreement that divided their marital estate. As part of the division of marital property, the agreement granted wife "all right, title and interest in Pam

Sunderman Design including all assets and the balance of [two specified checking accounts] as her sole and separate property free from all claim thereto by Husband."  It also provided that "[s]o long as both parties made full disclosure of their assets and the valuations of said assets are reasonably accurate, both parties release one another from any and all claims, demands, or causes of action which arise out of the marital relationship or could be presumed to have arisen out of the marital relationship, or arising out of any past contracts or agreements between them, other than this Agreement."  A magistrate found that the separation agreement was not unconscionable and incorporated it into the decree dissolving the parties' marriage.

¶ 4       After the dissolution of marriage was finalized, husband filed a lawsuit against wife, seeking repayment of the $81,200 in loans he had made to Pam Sunderman Design.  Wife moved for summary judgment, arguing that husband's claim had been released by the separation agreement and was barred by the doctrine of claim preclusion.  In response, husband submitted an affidavit stating that "[t]hese loans were not discussed in [the parties'] mediation"

and that it was his "belief that the [l]oan [c]ontracts were not incorporated within the [d]ecree or [s]eparation [a]greement."

¶ 5 The district court found that "[t]he material undisputed facts establish that both parties were aware of the existence of the loan obligations payable and notwithstanding that fact entered into and agreed to a release of any and all claims arising out of any past contracts or agreements between them." Accordingly, it ruled that husband's claim "for repayment of the amounts loaned to Pam Sunderman Design [was] released under the express terms of the [s]eparation [a]greement." The court also determined that claim preclusion barred husband's claim, finding that all four elements — the finality of the judgment, identity of subject matter, identity of claims for relief, and identity or privity between parties — were satisfied. The court explained:

> [T]he dissolution proceeding resolved all issues regarding division of marital assets — and debts, with each party releasing claims against the other. The injury for which [husband] now seeks relief is the same resolution that [husband] sought in the dissolution proceeding [—] an equitable division of marital property. The loans which created marital debt are not wholly independent from or unconnected to the dissolution proceeding.

3

¶ 6    Husband now appeals.

## II.    Claim Preclusion

¶ 7    Husband contends that the district court erred by granting summary judgment on the basis that his claim against wife for repayment of the loans to Pam Sunderman Design was barred by claim preclusion.  We disagree.

### A.    Standard of Review and Governing Law

¶ 8    We review a grant of summary judgment de novo.  *Griswold v. Nat'l Fed'n of Indep. Bus.*, 2019 CO 79, ¶ 22.  Summary judgment is appropriate only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Id.* at ¶ 23; C.R.C.P. 56(c).  In evaluating a motion for summary judgment, all doubts must be resolved against the moving party, and the nonmoving party is entitled to the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts.  *Griswold*, ¶ 24.

¶ 9    We also review de novo a judgment entered on the basis of claim preclusion.  *Foster v. Plock*, 2017 CO 39, ¶ 10.  Claim preclusion prevents "the relitigation of matters that have already

4

been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). The doctrine serves the dual purpose of shielding "litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Id.* (quoting *Lobato v. Taylor*, 70 P.3d 1152, 1165-66 (Colo. 2003)). "For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.*

## B.   Discussion

¶ 10    Husband argues that the district court lacked sufficient basis to find three of the four elements of claim preclusion: (1) identity or privity between parties; (2) identity of subject matter; and (3) identity of claims for relief. He also argues that claim preclusion should not be applied because it would be inequitable or contrary to public policy. We consider and reject each argument in turn.

## 1. Identity or Privity of Parties

¶ 11    Husband argues that there is no identity or privity of parties because the loans were not made to wife but to her sole proprietorship, Pam Sunderman Design. But husband sued only wife for repayment of the loans made to Pam Sunderman Design; he did not sue Pam Sunderman Design itself because, as explained in his complaint, Pam Sunderman Design is a "trade name only" and not a separate corporate entity. Under Colorado law, an individual and a sole proprietorship are treated the same. *See Allstate Ins. Co. v. Willison*, 885 P.2d 342, 344 (Colo. App. 1994) ("[T]he distinguishing characteristic of the sole proprietorship is that it is owned and managed by one person, and thereby exists as an extension of the personal life of that person." (quoting J. Moye, *The Law of Business Organizations* § 1.01 (2d ed. 1982))). Consequently, there is an identity of parties in both the dissolution of marriage case and this case, as both husband and wife are the only parties in both matters.

## 2. Identity of Subject Matter

¶ 12    Husband next asserts that "there is no 'identity of subject matter' between the dissolution proceeding, which involved marital

property division, and the current action, which centers on the recovery of funds loaned for [wife's] business." In determining whether a prior case involved the same subject matter as the present case, courts examine "whether the same evidence would be used to prove the claims, even if the actions are different." *Foster*, ¶ 28. If the same evidence would sustain the judgment in both the first and second cases, then identity of subject matter is satisfied. *Id.*

¶ 13    To determine whether the subject matter in both cases is identical, we examine whether interspousal loans are considered marital property. When dividing a marital estate, the district court must account for all the parties' marital assets and debts. § 14-10-113(1), C.R.S. 2024; *see also In re Marriage of Jorgenson*, 143 P.3d 1169, 1172 (Colo. App. 2006). In doing so, the court must determine whether an asset or debt is marital or separate. *In re Marriage of Capparelli*, 2024 COA 103M, ¶ 9. "[A]fter setting aside any separate property, the court must divide the marital property in such proportion as it deems just, ensuring an equitable, but not necessarily equal, division of the estate." *Id.*

¶ 14    Contrary to husband's argument, the parties' interspousal loans made during their marriage qualify as both marital debts and assets. "[A]ny debt or liability incurred subsequent to the marriage, or prior to a decree of legal separation, is presumed to be marital, regardless of whether the debt/liability is held 'individually, or by the spouses in some form.'" 19 Frank L. McGuane, Jr. & Kathleen A. Hogan, *Colorado Practice Series*, *Family Law & Practice* § 22:17, Westlaw (2d ed. database updated July 2025) (quoting § 14-10-113(3)). Thus, the debt incurred by wife during the marriage is presumed to be marital debt. *See Jorgenson,* 143 P.3d at 1172 (marital liabilities include all debts that are acquired and incurred during the marriage).

¶ 15    Likewise, "all property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of coownership." § 14-10-113(3); *see also Capparelli,* ¶ 10. However, this presumption may be overcome by evidence that the property was (1) acquired by gift, bequest, devise, or descent; (2) acquired in exchange for property acquired prior to the marriage or in exchange

for property acquired by gift, bequest, devise, or descent; (3) acquired after a decree of legal separation; or (4) excluded by valid agreement of the parties. *Capparelli*, ¶ 10; *see also* § 14-10-113(2).

¶ 16 Here, husband has provided no evidence to rebut the presumption that the loans were both marital assets and debts. He offered no evidence of an agreement to treat the loans as non-marital property, *see In re Marriage of McCadam*, 910 P.2d 98, 100 (Colo. App. 1995) (where "there [was] no language in the promissory note indicating that the parties agreed the interest would be treated as wife's separate property," the interest would be treated as marital property), and no evidence that funds used for the loans came from husband's separate property identified in section 14-10-113(2).

¶ 17 Given that the loans are considered marital property, both the dissolution of marriage case and this case involve an identical subject matter. In the present case, husband seeks to recover a marital debt, specifically the repayment of loans made to wife's business during their marriage. And in the dissolution of marriage case, the parties divided all marital assets and liabilities, including wife's interest in Pam Sunderman Design. Accordingly, both cases

involve an identical subject matter and would have relied on the same evidence — the existence and value of the loans — even though the actions are different. *Foster*, ¶ 28; *see also Argus*, 109 P.3d at 608-09 (holding that identity of subject matter existed in two actions involving the same parcel of land and the same agreement).

### 3. Identity of Claims

¶ 18 Husband further argues there is no identity of claims in the dissolution of marriage action and the current action because the loans were never explicitly referenced in the separation agreement or included in the financial disclosures.[1] Thus, husband argues that the debt incurred by wife's business was separate and distinct from the dissolution proceeding.

¶ 19 To determine whether there is identity of claims, the court must assess "whether the claim at issue in the second proceeding is the same claim that was (or could have been) brought in the first proceeding." *Foster*, ¶ 29. Colorado has adopted the approach of

---

[1] As the district court noted, neither party had submitted the financial statements filed in the dissolution proceedings at the summary judgment stage.

the Restatement (Second) of Judgments, which states that a judgment "extinguishes the plaintiff's claim . . . includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Argus*, 109 P.3d at 609 (alterations in original) (quoting Restatement (Second) of Judgments § 24 (1982)).  Claims arise out of the same transaction "when they 'seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis.'" *Foster*, ¶ 29 (citation omitted).  It is the underlying injury, not the proffered legal theory, that determines whether the identity of claims element is met.  *Id.*

¶ 20 Here, husband's claim pertains to the same series of transactions (his loans to wife's business during their marriage) and seeks redress for the same alleged injury (repayment of loans).  The separation agreement divided the marital property by granting wife "all rights, title, and interest in Pam Sunderman Design including all assets and the balance of [two specified checking accounts] as her sole and separate property *free from all claim thereto by Husband.*"  (Emphasis added.)  It also stated that the "parties release one another from any and all claims, demands, or causes of

11

action . . . arising out of any past contracts or agreements between them." Because the separation agreement addressed husband's claim against wife's interest in Pam Sunderman Design, there is an identity of claims in the two actions.

¶ 21 Moreover, even if we assume that the separation agreement did not address husband's loans to Pam Sunderman Design, he could have raised his claim in the dissolution of marriage proceeding. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) ("[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action — even if they were not actually litigated."). As previously discussed, these loans are considered a marital debt. Therefore, husband could have included the loans as part of the division of marital property. And even if, as husband argues, the loans were "undisclosed" or were not addressed in the separation agreement, he could have raised them in a C.R.C.P. 16.2(e)(10) motion to reopen the dissolution or a C.R.C.P. 60 motion. Accordingly, there is an identity of claims because husband's request for repayment of the loans *could* have been raised in the dissolution of marriage case.

## 4. Public Policy

¶ 22    Finally, husband argues that "a court may decline to apply . . . claim preclusion if its application would yield a result that is either inequitable or contrary to public policy." In making this argument, husband relies on *In re Marriage of Lewis*, 66 P.3d 204 (Colo. App. 2003), and *Simmons v. Simmons*, 773 P.2d 602 (Colo. App. 1988). Like the district court, we find these cases distinguishable from the present case.

¶ 23    In *Lewis*, the husband executed demand promissory notes to the wife for parts of her inheritance that were not considered marital property. *Lewis*, 66 P.3d at 205. The dissolution court allowed the wife's contract claims to be joined in the divorce proceeding. *Id.* at 206. A division of this court reversed, concluding that it was against public policy for an equity court to decide civil contract claims involving nonmarital property. *Id.* Here, unlike in *Lewis*, husband did not provide any evidence that the funds loaned to wife's business originated from his separate property. Therefore, the loans and the resulting debt are both marital and fall within the jurisdiction of the dissolution court.

¶ 24    Similarly, husband's reliance on *Simmons* is misplaced.  In *Simmons*, the division held that it was against public policy to allow the wife's claim for assault against the husband to be joined in the dissolution of marriage case.  *Simmons*, 773 P.2d at 605-06.  As the district court noted, the tort claim in *Simmons* was separate from and wholly independent of the issues in the dissolution proceeding.  *See Gavrilis v. Gavrilis,* 116 P.3d 1272, 1275 (Colo. App. 2005) (noting that the damages sought in *Simmons* and *Lewis* were "based on acts wholly independent from, and unassociated with the issues in, the dissolution proceeding").  In contrast, here, as the district court found, husband's loans to wife "via her sole proprietorship during the term[] of the marriage created marital debt" that was part of the property division in the dissolution proceeding.

¶ 25    For all these reasons, we agree with the district court that husband's claim for repayment of the loans was barred by claim preclusion.  Because we affirm the district court's summary judgment on this basis, we do not need to address the court's additional ruling that the express terms of the separation agreement barred husband's claim.

### III.   Appellate Attorney Fees

¶ 26    In her principal brief, wife requested her appellate attorney fees pursuant to a provision of the separation agreement and under section 13-17-102, C.R.S. 2024.  While this appeal was pending, the district court awarded wife her attorney fees incurred in the underlying case.  Husband did not timely appeal the fee award.  Wife thus asks us to take judicial notice of the district court's decision and to award her attorney fees for successfully defending the appeal.

¶ 27    "Under CRE 201(b), a court may judicially notice facts not subject to reasonable dispute because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'  This includes 'the contents of court records in a related proceeding.'" *People in Interest of I.S.*, 2017 COA 155, ¶ 7 (quoting *People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004)).  The district court's decision to award wife her attorney fees falls into this category.  Taking judicial notice of that decision, we agree with wife that she is entitled to her appellate attorney fees. *See Kennedy v. King Soopers Inc.*, 148 P.3d 385, 390 (Colo. App. 2006) ("When a party is awarded attorney fees for a prior stage of

the proceedings, it may recover reasonable attorney fees and costs for successfully defending the appeal."). Therefore, on remand, we direct the district court to determine and award wife's reasonable attorney fees incurred in this appeal.

## IV.   Disposition

¶ 28   The judgment is affirmed, and the case is remanded to the district court to determine and award wife's reasonable appellate attorney fees.

JUDGE TOW and JUDGE SULLIVAN concur.